Matthias, J.
The Court of Appeals determined that the Court of Common Pleas does not have jurisdiction of the subject matter presented by the petition and supplemental petition filed by . Local 1190 of the United Automobile Aircraft and Agricultural Implement Workers of America seeking a declaratory judgment. The appeal to this court has placed in issue the validity of the action of the Court of Appeals in granting a writ of prohibition staying all proceedings in the declaratory judgment action and directing the Court of Common Pleas to set aside the restraining orders and injunctions theretofore granted.
The record in the instant case contains only the pleadings filed in the Court of Appeals. An essential *227 part of such pleadings are copies of the petition and supplemental petition in the declaratory judgment action, on which the orders of the Court of Common Pleas were based. The determination whether the Court of Common Pleas has jurisdiction over the subject matter must be based upon the allegations in the petition and supplemental petition filed in that court.
That petition, omitting formal parts thereof, is as follows:
“Plaintiffs, Albert C. Jacobs, Robert Lentz, Eugene Petry, Thomas M. Smith, William Thomas, and Ralph C. Wiseman, state that they are now, and at all times stated herein, were production and maintenance employees of Clearing Machine Corporation, a corporation believed to be formed under the laws of the state of Illinois, and Avith its Hamilton Division located and doing business in Hamilton, Butler county, Ohio; that plaintiffs and approximately one hundred and eighty (180) other production and maintenance employees of the said company, were at all times stated herein, members of Hamilton-Thomas Workers Union. Plaintiffs state that on October 3,1951, they, as members of said union, together with all other members whom they represent as a class, under the name and designation of Clearing Machine Corporation Workers Union, entered into a contract with the Clearing Machine Corporation.
“Plaintiffs state that said contract described the employees as Clearing Machine Corporation Workers Union, but that the business of said union Avas carried on under the name of Hamilton-Thomas Workers Union. Plaintiffs state that by reason of meetings of said Hamilton-Thomas Workers Union held on April 21, 1952, April 24, 1952, and April 29,1952, and on May 1, 1952, due notice of said meetings having been given in accordance Avith the requirements of the constitution and bylaAvs of said Hamilton-Thomas Workers Union, *228 a majority of the members of said union voted to disorganize said union and to affiliate directly with the UAW-CIO. At said meetings, a motion was duly passed that the Hamilton-Thomas Workers Union disorganize and that the said workers, as a class represented by the plaintiffs, affiliate directly with the UAW-CIO, and that all the assets of said Hamilton-Thomas Workers Union, including the contract, checkoff dues, union treasury, and all other assets, be turned over to the members in good standing to be reimbursed a percentage of the money by seniority, and later to be transferred by said members to the union with whom they affiliate, the UAW-CIO.
“Plaintiffs state that pursuant to said action, they together with all the other members, affiliated with the UAW-CIO, the full and complete name thereof being United Automobile, Air-Craft, Agricultural Implement Workers of America, and made application to said union for a charter, which was chartered as Local 1190.
“Plaintiffs state that on May 5,1952, they requested of Clearing Machine Corporation in writing, to be recognized under the labor agreement of October 3, 1951.
“Plaintiffs state that as a result of an order, and certificate of representative issued by the National Labor Relations Board, on January 29, 1952, the Hamilton-Thomas Workers Union, sometimes referred to as the Hamilton-Thomas Employees Union, and designated in the contract as the Clearing Machine Corporation Workers Union, was duly designated as the bargaining agent for all of the employees employed by the Clearing Machine Corporation in its Hamilton Division. That the plaintiffs, for themselves, individually and as a class, now represent all of said employees as a UAW-CIO union, and have made due application for a charter as a local union of *229 the United Automobile, Aircraft and Agricultural Implement Workers of America, UAW-CIO.
“Plaintiffs state that under said contract, it is provided in Section 1 — Recognition, as follows:
“ ‘The employer recognizes the union as the exclusive representative of all the employees in the bargaining unit for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment, provided that any adjustment of any grievances shall not be inconsistent with the terms of this agreement and provided further that a union representative has been given opportunity to be present at such adjustment.’
“It is further provided in paragraph ‘ C’ as follows:
“ ‘All present employees and all new employees shall, within 90 days of the date of their employment, become members of the union and, as a condition of employment, remain members of the union in good standing during the term of this agreement.’
“Plaintiffs state that this action is brought upon behalf of these plaintiffs, and upon behalf of all other production and maintenance employees of the Clearing Machine Corporation similarly situated, it being-impracticable for them all to be brought before this court as plaintiffs, and that the filing of this action by these plaintiffs for themselves and the other production and maintenance employees so similarly situated will avoid a multiplicity of suits.
‘ ‘ Plaintiffs state that on or about May 21, 1952, the defendant, Russell P. Sick, claiming to act as recording- secretary of the disorganized former Hamilton-Thomas Workers Union, served notice on the plaintiffs that their offices were being vacated, that they were being removed from said offices, and that the said offices were being declared vacant. Plaintiffs further state that on June 4, 1952, the defendants Andrew B. Cook and Russell P. Sick with the aid and assistance *230 of the Clearing Machine Corporation, posted notices on the bulletins in the plant of said corporation, naming fifty-six (56) employees in said plant who were former members of the Hamilton-Thomas Workers Union, and are now members of the plaintiff union, that said fifty-six (56) employees were delinquent in payment of dues, and said defendants are threatening to cause the discharge from employment of said fifty-six (56) employees. Plaintiffs further state that assuming to act as officers of the disorganized Hamilton-Thomas Workers Union, they have called meetings and have threatened to take action against the plaintiffs.
“Plaintiffs state that said defendants have taken possession of the funds and assets of the Hamilton-Thomas Workers Union and that plaintiffs are entitled to said funds and assets. Plaintiffs state that the defendants are requesting the Clearing Machine Corporation to discharge plaintiffs and at least fifty-six (56) other employees, and unless restrained by this court, will bring about said results.
“Plaintiffs state that the conduct and action of said defendants will cause irreparable damage and loss to plaintiffs and the employees of said plant, which plaintiffs represent as a class, unless this court enjoins such action.
“Wherefore, plaintiffs pray for an injunction enjoining the said defendants, Andrew B. Cook and Russell P. Sick from taking any action which will bring about the discharge of plaintiffs and the class of employees they represent, and that the court determine and declare the rights of plaintiffs and the rights of all the employees in said plant under the provisions of the contract referred to in the petition, and that the court determine the status of plaintiffs and the employees represented by plaintiffs as a class, as against the claims of the defendants, and for any and all other *231 relief, both declaratory in nature, and injunctive in nature, as the court in the premises deems right and proper.”
The supplemental petition, omitting the formal parts thereof, is as follows:
“Plaintiffs, for their supplemental and amended petition herein, fully adopt all of the allegations contained in the original petition, and further state that subsequent to the meetings held by the Hamilton-Thomas Workers Union, upon vote of a majority of the members, said union was disorganized and all the assets were transferred to the plaintiffs, and all other employees that they represent as members of Local 1190 of the United Automobile Aircraft, Agricultural Implement Workers of America (UAW-CIO).
“Plaintiffs state that on or abont May 21, 1952, the defendant, Russell P. Sick, claiming to act as recording secretary of the disorganized former Hamilton-Thomas Union, served notice on the plaintiffs that they were being removed from their offices, and that the said offices were being declared vacant. Plaintiffs further state that on June 4, 1952, the defendants, Andrew B. Cook and Russell P. Sick, with the aid and assistance of the defendants, Roy Humphries, Edward Hendrickson, Leo G. Winnefeld and J. G. Wainscott, posted notices on the bulletins in the plant, naming fifty-six (56) employees in said plant who were former members of the Hamilton-Thomas Workers Union, and are now members of the plaintiff union, that said fifty-six (56) employees were delinquent in payment of dues, and said defendants are threatening to cause the discharge from employment of said fifty-six (56) employees. Plaintiffs further state that assuming to act as officers of the disorganized Hamilton-Thomas Workers Union they have called meetings and have threatened to take action against the plaintiffs.
“Plaintiffs state that said defendants have caused *232 to be served, notices in writing as well as oral notices on plaintiffs and the class of employees they represent, informing them that unless they continue to pay dues, to defendants, that the company will be notified, and that they will lose employment. Plaintiffs further state that the contract referred to in the petition herein, and which was executed on October 3, 1951, under section 14, provides for its duration to continue until midnight, September 30, 1952, and from year to year thereafter unless either party shall within sixty (60) days of the original terminal date, or any annual extension thereto, notify the other in writing of its intention to terminate or amend this agreement. , Plaintiffs state that unless the defendants serve written notice of termination of said contract on or before September 30,1952, advising the company of the termination of said contract, that the same would automatically extend. Plaintiffs state that the failure to serve such notice by the defendants, or the entering into a new contract by the defendants, will materially affect the rights of plaintiff, and that the defendants should be mandatorily enjoined (ordered) to servo such a notice of termination and in addition thereto, ordered not to enter into or extend said agreement.
“Plaintiffs state that the conduct and action of said defendants will cause irreparable damage and loss to the plaintiffs, and the employees of said plant which plaintiffs represent as a class unless this court enjoins such action.
“Wherefore, plaintiffs pray that the injunction heretofore issued herein be modified and extended to provide (1) that the defendants, and each of them, and anyone acting with them or on their behalf, be enjoined and restrained from threatening plaintiffs, or any of the class they represent with the loss of their jobs; (2) with threatening plaintiffs, and any of the class they represent that unless they pay dues to the *233 defendants that they will report them to the company; (3) from making such threats, either orally or in writing; (4) from entering into any agreement, or doing anything which will bring about an extension of the contract; and (5) that they be enjoined (ordered) to serve a notice on the company, to-wit, Clearing Machine Corporation, on or before September 30 advising said corporation of the termination of said contract, and that the court determine and declare the rights of the plaintiffs and the rights of all employees in said plant under the provisions of the contract referred to in the petition, and in this supplemental and amended petition, and that the court determine the status of plaintiffs and the employees represented by plaintiffs as a class as against the claims of the individual defendants and for any and all other relief, both declaratory in nature, and injunctive, in nature, as a court in the premises deems right and proper.”
It is the contention of the respondents that the declaratory judgment action is one wherein members of a union have decided to ‘ ‘ disorganize ’ ’ such union and form another union; that, therefore, it is not a controversy between two unions. seeking representation of employees in negotiations with their employer; and that there is no provision in the Labor-Management Relations Act conferring upon the National Labor Relations Board exclusive jurisdiction over that controversy.
The relators claim that the orders issued by the Court of Common Pleas exceeded the jurisdiction of the court and invaded the exclusive jurisdiction of the National Labor Relations Board.
The relators are entitled to the extraordinary writ of prohibition only if the Court of Common Pleas has no jurisdiction over the subject matter involved in the controversy or is usurping the jurisdiction of another tribunal.
*234 The rule is well established in Ohio, as announced and applied in numerous cases from State, ex rel. Nolan, v. Clen Dening (1915), 93 Ohio St., 264, 112 N. E., 1029, to Scott, Admr., v. Municipal Court of Cleveland (1951), 156 Ohio St., 179, 101 N. E. (2d), 387, that the function of the extraordinary prerogative writ of prohibition is to prevent inferior courts and tribunals from usurping jurisdiction beyond that with which they have been invested by law, and that such writ will be awarded only if there is no other adequate remedy. Where a court has jurisdiction of the subject matter of a pending action, a writ of prohibition will not be awarded to prevent an anticipated erroneous decision in such action. The function of the writ is prohibitive and not corrective in character in that it can not undo an act already performed. Ordinarily, a court of general jurisdiction has power to determine in the first instance its jurisdiction of the subject matter involved in a pending action, and, where the petition recites facts which are not in issue, jurisdiction is to be determined from such facts, and a relationship of the parties contrary to that .expressly pleaded may not be assumed.
The remedy sought by the plaintiffs in the declaratory judgment action is an injunction to prevent action which would result in the discharge of plaintiffs and other employees represented by them, a declaration of the rights of the plaintiffs and other employees under the collective bargaining contract and other relief.
The facts set forth in the petition and supplemental petition in the declaratory judgment action constitute the only basis upon which can be determined what is the “subject matter” of the controversy before the Court of Common Pleas. Both the original petition and the supplemental petition assert that, by reason of regular meetings held with due notice, a majority of the members of the independent union voted to *235 disband that organization, and the petition claims that the defendants, as individuals, are attempting to exercise authority on behalf of the disorganized union and are unlawfully withholding money and assets which belong to the plaintiffs and others. The plaintiffs in the declaratory judgment action claim that they now represent all the employees in the bargaining unit and are by assignment entitled to the benefits of the provisions of the collective bargaining contract dated October 3, 1951, and that the defendants, claiming to .act as officers of the “disorganized” independent union, were attempting to secure the discharge of the plaintiffs and other employees who were former members thereof.
The supplemental petition is based on subsequent actions of the defendants in posting the names of such employees and threatening to secure their discharge. The pleadings indicate a controversy as to the authority of the defendants on the one hand and the claimed rights of the plaintiffs on the other.
The court can not read into the pleadings a relationship of the parties contrary to that expressly pleaded; such a finding may be reached only from a consideration of evidence adduced. The trial court could not properly draw from the pleaded facts a conclusion adverse to the plaintiffs. If the court’s decision, when made, is claimed to be erroneous, the remedy of the parties thereto is by appeal to the Court of Appeals.
It is significant, as disclosed by the petition in the instant case, that an action was instituted in the Court of Common Pleas on May 27, 1952 (cause No. 68196), prior to the declaratory judgment action, wherein some of the persons were plaintiffs who are also plaintiffs in the latter action and wherein it was sought to have the Court of Common Pleas determine, among other things, that the UAW-CIO was in fact the exclusive collective bargaining representative of the employees *236 of the designated employer. The Court of Common Pleas dismissed the proceeding for want of jurisdiction and that judgment was affirmed hy the Court of Appeals.
The judgment of the Court of Appeals in the instant case was predicated on the conclusion that the pleadings present a controversy between two labor unions, which finding is contrary to the jurisdiction assumed and the action taken by the Court of Common Pleas. That difference alone in the indicated views of the two courts disloses that the determination of the question of whether the Court of Common Pleas has jurisdiction over the subject matter is based on facts pleaded, the effect of which is clearly a matter for the determination of the Court of Common Pleas.
The judgment of the Court of Appeals, granting a writ of prohibition, is reversed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.